UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | : Case No. 18-11052 TPA |
|     William R. Adams, | : Chapter 13 |
|         Debtor | : |
| | : |
| William R. Adams, | : |
|         Movant | : |
|   vs. | : Document No. |
| No Respondents | : |

ORDER APPROVING RETENTION OF BROKER

AND NOW, this _____ day of _____, 2018, upon consideration of the Motion to Employ Broker, it is **ORDERED, ADJUDGED and DECREED** as follows:

(1) Patricia C. Duke, and Howard Hanna Real Estate, is hereby appointed, as of the date of filing the Motion, as Broker for the Debtor in this bankruptcy proceeding pursuant to the terms described in the Listing Agreement attached to the Motion for the purpose of acting as the Movant's agent in connection with the sale of real estate located at 5458 Gardner Drive, Erie, PA 16509. A Broker commission in the amount of six percent (6%) on the sale price is tentatively approved, subject to final Court order. Movant shall serve the within Order on all interested parties and file a certificate of service.

(2) Professional persons or entities performing services in the above case are advised that approval of fees for professional services will be based on other factors as well, including results accomplished, the time and labor reasonably required by the professional to perform the task(s) involved, the customary fee for similar services, the time limitations imposed by the retention or the circumstances encountered while performing the services, the relationship of the services, if any, to the ultimate bid amount for the subject property, and the extent and nature of awards in similar cases. Tentative approval of the commission set forth above is premised on the understanding that the property will be sold at or near the list price as set forth in the Motion. Any deviation from the list price will be considered as a factor by the Court in setting final compensation in this matter.

(3) Approval of any motion for appointment of a professional in which certain fees are requested for various identified professionals is not an agreement by the Court to allow such fees at the requested hourly rates, and is not a preapproval of compensation pursuant to 11 U.S.C. §328(a). Final compensation, awarded only after notice and hearing, may be more or less than the requested amount based on application of the above criteria.

(4) Notwithstanding anything to the contrary in the letter of engagement or agreement

between Movant and the Broker, this Order does not authorize the Broker to retain or pay any outside counsel or other professional to assist the Broker in this matter unless such is done at no expense to Movant, directly or indirectly. Any other retention of, and payment to, an outside counsel or other professional is subject to prior approval of the Court.

_____
Thomas P. Agresti, Judge
United States Bankruptcy Court